# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Martin Abel Bustamante, | No. CV-16-01515-PHX-ROS |
| Petitioner, | **ORDER** |
| v. | |
| Charles L Ryan, et al., | |
| Respondents. | |

Petitioner Martin Bustamante was convicted by a jury in Maricopa County Superior Court of kidnapping, theft by extortion, aggravated assault, and misconduct involving weapons. (Doc. 32-1 at 14-15.) Petitioner filed a habeas petition where he raised four grounds for relief: (1) insufficient evidence for conviction and malicious prosecution[1]; (2) equal protection violation; (3) excessive sentences, particularly regarding the consecutive sentences, and (4) ineffective assistance of counsel for not moving to sever the case and not objecting to the indictment based on Petitioner's mere presence defense. (Doc. 1 at 6-10.) On February 8, 2017, Petitioner filed a Motion for Judgment where he asked the Court to answer his habeas petition in favor of Petitioner and grant a writ of habeas corpus. (Doc. 34.) On May 2, 2017, Magistrate Judge Deborah M. Fine issued a Report and Recommendation ("R&R") recommending the petition for writ of habeas corpus be denied and dismissed with prejudice. (Doc. 42.)

---

[1] It appears Petitioner alleged two arguments in Ground One, and the R&R analyzes both.

Regarding the first part of Ground One, Petitioner argued the evidence was insufficient to sustain his guilty verdict. (Doc. 1 at 6.) The R&R found this claim lacked merit because the Arizona Court of Appeals' denial of this claim on direct appeal did not rest on unreasonable factual determinations, nor did it unreasonably apply clearly established federal law. (Doc. 42 at 11-16.) The R&R concluded Petitioner did not exhaust the second part of Ground One, the malicious prosecution claim, as well as Grounds Two through Four because Petitioner did not raise these grounds on direct appeal or as part of properly brought post-conviction relief proceedings. (*Id.* at 8-9.) The R&R found there is no malicious prosecution claim in the record at any stage of his appeal or PCR proceedings, and Petitioner admitted he did not raise grounds Two and Four in the Arizona Court of Appeals. (*Id.* at 9; *see* Doc. 1 at 8, 10.) Although Petitioner's habeas petition asserted he raised Ground Three in his second PCR petition, (*id.* at 9), the trial court dismissed the proceeding after Petitioner failed to file the second PCR petition by the deadline. (Doc. 42 at 9.) And although Petitioner's habeas petition argued in Ground Three that his sentence is excessive, his first PCR petition did not argue whether his sentence was excessive, but rather it argued an ineffective assistance of counsel claim based on the trial counsel's failure to adequately make this challenge. (Doc. 32-2 at 3.) Further, the R&R concluded Petitioner has not established cause and prejudice for the default or established actual innocence. (Doc. 42 at 1.)

The R&R thus recommended the insufficiency of evidence claim in Ground One be dismissed, and the malicious prosecution claim in Ground One as well as Grounds Two, Three, and Four be dismissed because these unexhausted claims are procedurally defaulted. (*Id.*) The R&R also recommended the Motion for Judgment be denied for the same reasons.

A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). Where any party has filed timely objections to the R&R, the district court's review of the part objected to must be *de novo*. *Id.* If, however, no objections are filed, the district court need not

conduct such a review. *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003).

Here, Petitioner's objections were limited to three bases: the doctrine of laches, he was prejudiced when his appointed counsel on appeal lacked qualifications, and he has acted with reasonable diligence. (Doc. 43 at 1-2.) First, the Court does not see how the doctrine of laches is a valid basis for objecting to any recommendation of dismissal contained in the R&R. Second, Petitioner's objections regarding prejudice and diligence appear to be related to procedural default. Although he stated that he acted with reasonable diligence and that his previous appellate counsel lacked qualifications, these assertions do not sufficiently establish cause to excuse the procedural default and prejudice from a violation of federal law. Petitioner has not shown an objective factor external to the defense that he was prevented from properly raising his claims in state court, especially when he previously raised other claims. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). Nor has Petitioner established that his appellate counsel made an error which amounted to a deprivation of a constitutional right to counsel in order to provide cause for excusing the procedural default. Thus, Petitioner has not provided valid objections to the R&R, and the Court agrees with the R&R's finding that Petitioner failed to establish cause and prejudice for default.

Accordingly,

**IT IS ORDERED** the Report and Recommendation (Doc. 42) is **ADOPTED** and the petition for writ of habeas corpus is **DENIED and DISMISSED**.

**IT IS FURTHER ORDERED** Petitioner's objections (Doc. 43) are **OVERRULED**.

**IT IS FURTHER ORDERED** Petitioner's Motion for Judgment (Doc. 34) is **DENIED**.

**IT IS FURTHER ORDERED** a Certificate of Appealability and leave to proceed in forma pauperis on appeal are **DENIED** because the dismissal of the petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling

debatable.

Dated this 11th day of September, 2017.

Honorable Roslyn O. Silver
Senior United States District Judge